IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TYRONE B GREEN, :
:
        Petitioner, :
:
VS. : NO. 5:24-CV-00193-MTT-CHW
:
TIMOTHY SALES, :
:
        Respondent.[1] :
:

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Tyrone B. Green has recast his initial pleading on the Court's standard form for seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 7). Petitioner's motions for an extension of time to file this document (ECF Nos. 5, 9) are thus **DENIED as moot.** The Recast Petition challenges Petitioner's 2022 conviction for possession of a firearm by a convicted felon in the Superior Court of Tifton County, Georgia. Recast Pet. 1, ECF No. 7. The Recast Petition also includes claims that officials at the Tift County Jail and the Macon State Prison have failed to provide Petitioner with adequate treatment for a condition that causes

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named the Macon State Prison as the Respondent. Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in the Macon State Prison, and the warden of that facility is Timothy Sales. Therefore, the Court has corrected the style of this case to show Timothy Sales as the correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

him to have repeated seizures. *See, e.g.,* Recast Pet. 9-10, ECF No. 7. Petitioner has also filed a motion requesting his immediate release from prison so that he may "get the right medical care and treatment and to have [his] brain surgery done by the right doctor in the free world," among other things. Mot. Immediate Release 1, ECF No. 10.

As was previously explained to Petitioner, complaints about the conditions of his confinement—to include complaints about the adequacy of his medical treatment—should be brought in a separate action pursuant to 42 U.S.C. § 1983. Such claims arise under the Eighth Amendment and are "not cognizable under the mutually exclusive remedy of § 2254." *Daker v. Warden*, 805 F. App'x 648, 651 (11th Cir. 2020) (per curiam). It is therefore **RECOMMENDED** that Petitioner's motion for immediate release due to an alleged lack of medical care (ECF No. 10) be **DENIED**.[2] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension

---

[2] Petitioner is also reminded that even if he chooses to file a separate § 1983 case raising his medical treatment claims, release from prison is only available as a remedy in a § 1983 action in very limited circumstances. The Prison Litigation Reform Act provides that courts may not enter a prisoner release order unless an order for less intrusive relief has failed to remedy the alleged constitutional deprivation and the defendant has had a reasonable amount of time to comply with that less intrusive order. 18 U.S.C. § 3626(a)(3)(A). In addition, a prisoner release order may only be entered by a three-judge court and "only if the court finds by clear and convincing evidence that . . . crowding is the primary cause of the violation of a Federal right" and "no other relief will remedy the violation of the Federal right." *Id.* § 3626(a)(3)(E).

is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

Petitioner also moves for the appointment of counsel in this action. Generally, there is no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The Rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). This Court is not yet able to determine whether counsel needs to be appointed in this case. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's motions (ECF Nos. 6, 8) are **DENIED**.

Finally, Petitioner seeks leave to proceed *in forma pauperis*. Based on his submissions, the Court finds that Petitioner is presently unable to prepay the filing fee. Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED.** It is also now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation

3

entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

To reiterate, Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**; his motions for an extension of time to file a recast petition (ECF Nos. 5, 9) are **DENIED as moot**; his motions for appointed counsel (ECF Nos. 6, 8) are **DENIED**;

and it is **RECOMMENDED** that his motion for immediate release from prison (ECF No. 10) be **DENIED.**

A copy of the Petition and a copy of this Order shall be served upon Respondent by the Clerk via U.S. Mail.  A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED AND RECOMMENDED**, this 28th day of August, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
