IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TYRONE B. GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 5:24-CV-193 (MTT) |
| TIMOTHY SALES, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

United States Magistrate Charles H. Weigle recommends that Pro se Petitioner Tyrone B. Green's motion for immediate release from prison because of an alleged lack of medical care (Doc. 10) be denied. Doc. 11. There are no objections,[1] so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.

Green initially filed this case on a form used to bring a habeas corpus action in state court and primarily challenged the conditions of his confinement by complaining that he is not receiving appropriate medical treatment for his epilepsy. Doc. 1 at 6-7. In response, the Court explained to Green that complaints about conditions of confinement—including complaints about the adequacy of his medical treatment—should be brought pursuant to 42 U.S.C. § 1983, using the Court's § 1983 standard

---

[1] Green did not file an objection or move for an extension of time to object. Instead, he filed a "Motion for Fast and Speedy Trial" requesting "the above-styled matter to be tried in this or the next term of this Honorable Court and, if not tried in these two regular terms of court, the matter be discharged and Defendant acquitted of all charges." Doc. 14. This motion is not presently before the Court.

form.  Doc. 4.  The Court then explained that if Green sought to challenge his state court conviction and seek his release, he must recast his petition on the Court's standard § 2254 form petition.  *Id.* at 2-3.  The Court provided Green with both § 1983 and § 2254 forms and ordered Green to recast his claims accordingly.  *Id.*

Green has since refiled his habeas corpus petition using the Court's § 2254 form and challenges his 2022 conviction for possession of a firearm by a convicted felon in the Superior Court of Tifton County, Georgia.  Doc. 7.  Green's recast petition also includes claims that officials at the Tift County Jail and Macon State Prison have failed to provide him with adequate medical treatment.  *Id*.  Green then filed a motion requesting his immediate release from prison so that he may "get the right medical care and treatment," among other things.  Doc. 10 at 1.  Because Green's Eighth Amendment claims related to medical care are clearly cognizable under § 1983, the Magistrate Judge concluded that they are "not cognizable under the mutually exclusive remedy of § 2254."[2] Doc. 11 at 2; *see also Daker v. Warden*, 805 F. App'x 648, 650 (11th Cir. 2020) ("Release from custody is generally not an available remedy for a violation of the Eighth Amendment.").  Thus, the Magistrate Judge recommends that Green's motion (Doc. 10) be denied.  Doc. 11.

---

[2] State prisoners have two main avenues of relief under federal law for complaints related to their incarceration: habeas corpus petitions under § 2254 and civil complaints under § 1983.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  The Eleventh Circuit has stated that "[t]hese avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).  Although the court never said that the converse was also true, it explained that the "line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the [prisoner's] conviction and/or sentence." *Id*.  A challenge to "the adequacy of a prison's medical care—does not go to the validity of a conviction or sentence, and thus falls outside habeas's core." *Nance v. Ward*, 597 U.S. 159, 168 (2022).

-3-

After review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 11) is **ADOPTED** and made the Order of the Court.  Thus, Green's motion (Doc. 10) is **DENIED**.

**SO ORDERED**, this 1st day of October, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
