IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TYRONE B. GREEN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-00193-MTT-CHW |
| | : | |
| TIMOTHY SALES, Warden, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## ORDER AND RECOMMENDATION

Before the Court is Respondent Timothy Sales's motion to dismiss as untimely this Section 2254 federal habeas action commenced by Petitioner Tyrone Green. (Doc. 18). For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss be **GRANTED in part** and that Petitioner's challenges to his conviction be **DISMISSED with prejudice** as untimely. Plaintiff's conditions-of-confinement claims are not cognizable in a habeas action and should be **DISMISSED without prejudice**. Petitioner's motion for fast and speedy trial (Doc. 14) is futile and is **DENIED.** Finally, the Clerk of Court is **DIRECTED** to open a new Section 1983 action with Plaintiff's "amended petition" (Doc. 15) as the complaint.

## BACKGROUND

Petitioner challenges his January 3, 2023[1] conviction in Tift County Superior Court for possession of a firearm by a convicted felon. (Doc. 7, p. 1; Doc. 20-2). The

---

[1] Petitioner cites September 23, 2022, the incident date of this case (Doc. 20-1, p. 3), as the conviction date in his original and amended filings. (Docs. 1, 7, 15). His written sentence was filed on January 3, 2023. (Doc. 20-2).

1

record does not reflect that Petitioner appealed his conviction or otherwise made any post-conviction challenges until commencing this action on June 11, 2024. *See generally* (Docs. 1, 20).

Petitioner's original filing presented a mix of conditions-of-confinement claims, usually presented in a Section 1983 case, and challenges to his state conviction under Section 2254. Because conditions-of-confinement claims are not cognizable on Section 2254 cases, the Court ordered Petitioner to recast his petition. (Doc. 4). Although Petitioner recast his petition and tailored many of grounds one and two to challenge his underlying conviction, in grounds three and four he also raised issues concerning the treatment of his seizures following his arrest. (Doc. 7). After the Court's order for response, in which the Court again explained that conditions-of-confinement claims were not cognizable in a habeas action (Doc. 11), Petitioner filed a standard Section 1983 form, which likely should have been filed as a new civil action but instead was docketed as an amended petition because this case number appeared on the form. (Doc. 15).

Petitioner also filed a motion for "fast and speedy trial" on a form intended to be used when a defendant is still awaiting trial on his state charges. (Doc. 14). Because a speedy trial request is not applicable to adjudicating a habeas petition, Petitioner's motion for speedy trial is **DENIED** as futile.

Respondent answered Petitioner's recast petition (Doc. 17) and moved to dismiss the petition as untimely and for lack of exhaustion. (Doc. 18). The Court provided notice of the motion to dismiss to Petitioner. (Doc. 19). Despite filing multiple miscellaneous motions in this matter, Petitioner failed to response to the motion to dismiss. For the

reasons explained below, Petitioner's challenges to his conviction are untimely, are not subject to equitable tolling, and should be dismissed with prejudice. His claims related to conditions of confinement are not cognizable in a habeas case and should be dismissed without prejudice.

*Untimeliness Under the AEDPA*

Under the Antiterrorism and Effective Death Penalty Act or "AEDPA," a one-year limitation period applies to Section 2254 federal habeas petitions. Normally, as here, that limitation period begins to run as of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To determine this date, the Court must "look to the actions taken by the state court and the relevant state law" when determining whether the state direct appellate review process has been completed. *Chamblee v. Florida*, 905 F.3d 1192, 1196 (11th Cir. 2018). AEDPA further provides for statutory tolling of the limitation period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment … is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's request for federal habeas relief is untimely. Because Petitioner did not directly appeal his January 3, 2023 sentencing, his conviction became final thirty days later, on February 2, 2023. OCGA § 5-6-38(a). From that date, AEDPA's clock ran for 365 consecutive days through February 2, 2024, when it expired. Petitioner's Section 2254 federal habeas petition, not filed until June 2024, is therefore four months out of time.

*Equitable Tolling*

The AEDPA limitations period can be subject to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). "Equitable tolling is an extraordinary remedy [that] is applied sparingly." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). Petitioner has failed to explain why the one-year statute of limitations does not bar his petition. (Doc. 7, p. 16). To the extent that his petition may suggest that a lack of knowledge about the law prevented him from challenging his conviction, such an argument does not entitle him to equitable tolling. *See Hammonds v. Calloway*, 2021 WL 3011872, at *3 (N.D. Ala. June 17, 2021) (collecting cases) ("Neither indigency nor lack of legal knowledge are sufficient to warrant equitable tolling.") Therefore, Petitioner has not shown, and the record does not support, the extraordinary circumstances necessary to entitle Petitioner to equitable tolling.

*Respondent's Exhaustion Argument*

Respondent's motion also requests that Petitioner's claims in grounds three and four, related to conditions of confinement, to be dismissed for lack of exhaustion. (Doc. 18-1, p. 5-7). As the Court has previously explained, Petitioner's conditions-of-confinement claims are more appropriately asserted in a Section 1983 action. *See* (Doc. 4, p. 1-2). Therefore, the claims raised in grounds three and four of Petitioner's recast petition should be dismissed without prejudice in this action.

Because it appears that Petitioner is attempting to pursue a Section 1983 action, the Clerk of Court is **DIRECTED** to open a new case with Plaintiff's "amended petition" (Doc. 15) as the complaint. Petitioner may seek to proceed *in forma pauperis* in that case, and the new Section 1983 action shall proceed for screening pursuant to the Prison Litigation Reform Act.

## CONCLUSION

It is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 18) be **GRANTED in part** and that Petitioner's challenges to his conviction be **DISMISSED with prejudice** as untimely. Because Plaintiff's conditions-of-confinement claims are not cognizable in a habeas action, and it is further **RECOMMENDED** that those claims be **DISMISSED without prejudice**. Additionally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order. Petitioner's motion for fast and speedy trial (Doc. 14) is futile and is **DENIED**.

So that Plaintiff's Section 1983 claims may be screened pursuant to the Prison Litigation Reform Act, the Clerk of Court is **DIRECTED** to open a new Section 1983 action with Plaintiff's "amended petition" (Doc. 15) as the complaint.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections,

WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Objections are limited to twenty pages in length. M.D. GA. LOCAL RULE 7.4 The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 28th day of April, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
